Fitzroy McNEILL, Plaintiff–Appellant,

v.

PEOPLE OF the CITY AND STATE OF NEW YORK, Supreme Court Appellate Division, Bracken, Judge, O'Brien, Judge, Joy, Judger, Gloria

Goldstein, **Charles J. Hynes, Joseph Kevin McKay, Daniel Greenberg, Lauris Wren, Joel Atlas, Legal Aid Society, Philip Smallman, Alan I. Stutman, Herbert Feinsod, Police Precinct PSA2, Kleon Andredis,** Defendants–Appellees.

No. 06–5610–cv.

United States Court of Appeals, Second Circuit.

Sept. 25, 2007.

Fitzroy McNeill, pro se, Brooklyn, N.Y.[*]

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Fitzroy McNeill appeals from the October 19, 2006 Memorandum and Order of the United States District Court for the Eastern District of New York (Garaufis, *J.*) dismissing his complaint pursuant to Fed.R.Civ.P. 12(b)(6). We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Appellant raises claims under 42 U.S.C. §§ 1981, 1983, and 1985. Initially, we agree with the district court, for the reasons it gave, that the judicial and prosecutorial Appellees are immune from suit, that Appellant's former attorneys-Appellees were not state actors for the purpose of § 1983, and hence that these claims against these defendants are unavailing.

The elements of a § 1981 claim are: (1) plaintiff's membership in a racial minority; (2) defendant's intent to discriminate on the basis of race; and (3) discrimination concerning the plaintiff's ability to make and enforce contracts, sue, be party to a suit, give evidence, or fully and equally enjoy the benefit of all laws and proceedings for the security of persons and property. *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir.1993). As the district court found, Appellant has not established those elements, and it therefore properly dismissed his § 1981 claim.

In order for Appellant's § 1983 claim to succeed, he would have to show that his state court conviction had "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus...." *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Although Appellant's state court conviction was vacated, his subsequent guilty plea stands as a bar, under *Heck*, to a § 1983 action. *See Papeskov v. Brown*, No. 97 Civ. 5351(SS), 1998 WL 299892, at *5 (S.D.N.Y. June 8, 1998), *summarily aff'd*, 173 F.3d 845 (2d Cir.1999) ("[A] plea of guilty, even to a charge lesser than that for which the plaintiff was arrested, bars a § 1983 action."). Appellant's § 1985 claim is likewise barred by *Heck*. *Amaker v. Weiner*, 179 F.3d 48, 51–52 (2d Cir.1999).

We have considered all of Appellant's claims and find them meritless. Accord-

---

[*] Asserting that they were not served with process nor had they waived service, Defendants–Appellees do not appear in this case. The New York Attorney General's Office has filed a letter with the Court explaining that it is unable to appear as counsel for that reason.

ingly, the judgment of the district court is AFFIRMED.